IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT LEE JOHNSON,

    Petitioner,                        No. CIV S-08-1425 LKK EFB (TEMP) P

    vs.

STEVE MOORE,

    Respondent.                  <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

       Petitioner is a state prisoner proceeding without counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He asserts two claims that arise from a 2007 decision of the California Board of Parole Hearings (BPH) to deny him parole.

       An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States.  28 U.S.C. § 2254(a).

       Also, federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

////

    (2) resulted in a decision that was based on an unreasonable
determination of the facts in light of the evidence presented in the
State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)" or "AEDPA").[1]  It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d).  *See Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).

  In his first claim, petitioner challenges the actual decision to deny him parole by BPH. He asserts that in denying petitioner parole, the BPH violated petitioner's federal right to due process and other California laws.  California's parole scheme gives rise to a liberty interest in parole protected by the federal due process clause.  *Swarthout v. Cooke*, 562 U.S. ___ (2011), No. 10-333, 2011 WL 197627, at *2 (Jan. 24, 2011).  In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness.  *In re Lawrence*, 44 Cal.4th 1181, 1205-06, 1210 (2008); *In re Rosenkrantz*, 29 Cal.4th 616, 651-53 (2002).  However, the United States Supreme Court has recently held that correct application of California's "some evidence" standard is not required by the federal due process clause. *Swarthout*, 2011 WL 197627, at *2.  Rather, the inquiry on federal habeas is whether the petitioner has received "fair procedures" for vindication of the liberty interest in parole given by the state.  *Id.*  In the context of a parole suitability hearing, a petitioner receives adequate process when he/she is allowed an opportunity to be heard and given a statement of the reasons why parole was denied.  *Id.* at **2-3 (federal due process satisfied where petitioners were "allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied"); *see also Greenholtz v. Inmates of Neb. Penal*, 442 U.S. 1, 16 (1979).  Thus, this court may not review whether the Board correctly applied California's "some evidence" standard.  *Id.* at *2.

////

---

[1] Title 28 U.S.C. § 2254(d) establishes a precondition to federal habeas relief, not grounds for entitlement to habeas relief.  *Fry v. Pliler*, 127 S. Ct. 2321, 2326-27 (2007).

Here, petitioner does not allege that he was denied an opportunity to be heard at his parole hearing nor that was not given a statement of reasons why he was denied parole. According to the United States Supreme Court, the federal due process clause requires no more.

As for petitioner's state law claims, relief is simply unavailable as the court cannot entertain a claim brought under 28 U.S.C. § 2254 unless it concerns a violation of federal law. *See* 28 U.S.C. § 2254(a) (Federal courts shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.").

In his second claim, petitioner takes issue with decisions rendered by California courts in collateral actions regarding the fact that he was denied parole in 2007. However review of state court decisions regarding the 2007 denial of parole is only relevant in determining whether petitioner is precluded from obtaining relief by 28 U.S.C. § 2254(d). In determining whether petitioner is actually in custody in violation of federal law–the primary question in any § 2254 action–the court reviews the proceedings before the BPH. Put another way, it is the actual decision to deny petitioner parole and the attendant proceedings the court would assess in deciding whether petitioner is in custody in violation of federal law, not another court's review of that decision or those proceedings. Because petitioner does not challenge the proceedings before the BPH's in his second claim, there is no basis for relief.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for writ of habeas corpus be denied; and
2. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
2  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
3  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In
4  his objections petitioner may address whether a certificate of appealability should issue in the
5  event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing
6  Section 2254 Cases (the district court must issue or deny a certificate of appealability when it
7  enters a final order adverse to the applicant).

8  DATED:  February 15, 2011.

                                      EDMUND F. BRENNAN
                                      UNITED STATES MAGISTRATE JUDGE